Freeman, J.,
delivered the opinion of the court.
The proper construction of the will of George P. Cooper is the main question for decision in this case. The testator died in 1858, leaving five daughters. One of them Elizabeth, intermarried with defendant, Peter R. Cousins, and has since died without any child having been born of the marriage. She left a will, which has been duly probated in the County Court of Shelby County, by which she gave all her property of every kind, both real and personal, in possession and in action, to her husband, the said Peter R. Cousins.
In the lifetime of- the said Elizabeth, a partial division of the estate of her father had taken place, by which a portion of the property had been assigned to the said Elizabeth.
Mrs. Ellen Cooper, the widow and executrix of the will of George P. Cooper, dissented from the will, and *406 had dower assigned to her, as provided by law, thus taking nothing under the will.
The testator, after providing for his wife and ap- • pointing an executor and executrix, proceeded as follows :—
“Said executor and executrix are jointly to hold and use all my real and personal estate not otherwise herein specifically bequeathed, for the proper support, education, and inheritance, of my said children, by continually, and with all usual restrictions and provisions, renting out my houses in the City of Memphis, all net proceeds to go continually into a fund created thereby, and by such other money, or its equivalent, and such real and personal estate as I now possess, or as may be hereafter acquired by myself, or by said executor and executrix in virtue of this will, the money to be safely loaned in prudent parcels on ample security, for not more then one year at a time; and said fund, (being all my money and property, real and personal, not herein specifically bequeathed), is to be legally and equitably estimated whenever any of said children may marry or attain lawful age, so that such child shall then have an equal share of said estimated fund or property, to belong to and be the property of only said child, and at her death to and of her lawful issue; and if such child die without such issue, then said equal share of said estimated fund or property to revert to and continue in said fund for common division, as before, among the survivors.”
On the facts of the case, Mrs: Cousins having died *407 without having a child, the question is first presented as to what interest she took under the above clause of the will; and second, whether the limitation over contained in the will is good, and the property thus given to her goes under it, and reverts to and continues in the said fund “ for common division, as before, among the survivors.” In the view we have taken of this case, it makes no practical difference to the defendant Cousins, whether it be determined that Mrs. Cousins took a life estate in the property, with a contingent remainder to her issue, or that it is a gift of a fee tail at common law, which by our statute would be turned into a fee simple, and then the last clause be held an executory devise; as the result would be the same to him. The estate for life has been determined, and he could take only what estate his wife had in either event, — whether, as husband, in the personalty, or, under the will, in both personalty and realty. Upon careful reflection, however, upon this case, we do not think it can be distinguished in principle from the case of Booker v. Booker, 5 Hum., 507.
The clause of the will thus construed was as follows. After having devised to his wife, and to each of his children, various legacies,' the testator provided, —“ should any of my children die without coming to maturity, or die without issue either before or after coming of age, or should leave issue which issue should die before coming of age, in either of these events, such portion of my estate so bequeathed to such child or children is to be equally divided between my surviving children.” The son married and died, with *408 no child living, but one was born in a short time after his death, but soon thereafter died.
It was held that the devise over to his brothers and sisters was good as an executory devise, and took eifect as such.
In that case the argument was' pressed on the court, that the first taker, Henry L„ Booker, had an unlimited power of disposition by the will, because the devise vests in its terms a fee simple estate; and having such an estate, he had the right to dispose of it. The court, however, said that no such consequence as was supposed resulted from the simple fact that the devisee took an estate in fee; for one of the peculiarities of an executory devise is, that a fee may be limited upon a fee, which in a contingent remainder cannot be done. This latter rule with its cognate1 rule which renders the limitation over void because of a power- of disposition wholly inconsistent with the; limitation, finds illustration in this case. In the case of Henry L. Booker the fee was given, but no power of disposition given by the terms of the will nor by necessary implication from its language, and the limitation over, as we have seen, was held good. In the case- of Albert Booker, another son, after giving him the property intended for him, it was provided :— “ The property thus given not to be disposed of until he is twenty-five years of age, except by consent of my executors.” After citing two cases from New York, the court said: — “The absolute power of disposing of the property devised to Albert being thus ■given in the will, the subsequent limitation by way of *409 executory devise is void, and he takes the estate free from the operation thereof. For this the court cited Thompson v. McKissick, 3 Hum., 631; Davis v. Richardson, 10 Yer., 290; Smith v. Bell, Mar. & Yer., 302,— the well known and familiar cases in our State.
The principle of this case is, that the power of disposition inconsistent with the devise over, must be one given by the will, and not a mere incident at common law, or on general principles, to the estate given to the first taker.
But to return to the main question.
In the will before us, the estate given to the daughter, if it be held an absolute estate, either by the terms employed or as carrying out the intention of the testator, or an estate tail at common law turned into a fee simple by our statute, has no power of disposition annexed to it by the express terms of the will or by any necessary implication from its language, either jn the clause in which ’ it is found, or in any other part of the will, as we understand it.
We can see no difference affecting the view we have taken of this case, between the language of the will in the case in 5 Humphreys: — “ Should any of my children die without issue, etc., such portion of my estate so bequeathed to such child or children is to be equally divided between my surviving children,” and the language of the will in this case: “ if such child die without such issue,* then (that is at the happen *410 ing of this event) said equal share of said estimated fund or property to revert to and continue in said fund for common division, as before, among the survivors;” that is, be subject to division as part of the common fund, in like manner as the whole common fund was divisible among the children, before the share had been set apart to said child.
We have not the time to go into an elaborate discussion, and criticism upon the various cases cited by the learned counsel who argued this case. Suffice it to say, that we have examined most of them, but do not think they in any way affect the conclusion at which we have arrived. They serve to illustrate how effectually by a nice and subtle verbal logic, acute thinkers have been led to adopt arbitrary rules, or deduce them from precedents, which in full as many cases entirely defeat, as carry out, the purpose and will of a testator. We are not inclined to add to the number of such precedénts, where the intention can fairly be arrived at and violate no rule of law or of public policy.
The only other question necessary to be determined now is, the correctness of the Chancellor’s ' decree in reference to the property given to the widow which she failed to take, — the devise and bequest failing to take effect because of the dissent of ihe widow to the will. The Chancellor held that upon the determination of this particular estate of the widow by her dissent, the children became entitled to the property, except so far as her dower and distributive share in the personalty were concerned, and that it *411 passed to and vested in the surviving sisters of Elizabeth upon her death. In this -we think he -was correct. See Jarman on Wills, vol. 2, top pages 498 to 501.
The result is, that the decree of the Chancellor will be affirmed with costs.

 Dying without issue issue is defined by the Code, see. 2009, to mean, without issue living at the time of the party’s death or horn within ten months afterward.